**Edgar Arnoldo RIVERA–ZUNIGA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 10–71384.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 27, 2011.*

Filed Oct. 6, 2011.

Julia Osborne, Law Offices of Julia L. Osborne, Las Vegas, NV, for Petitioner.

Justin Robert Markel, Trial, Oil, Daniel Shieh, Esquire, Trial, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

MEMORANDUM **

Edgar Arnoldo Rivera–Zuniga, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Santos–Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir.2008), and we review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

Substantial evidence supports the BIA's finding that Rivera–Zuniga failed to establish a clear probability of future persecution because he failed to show the harm he and his family suffered was on account of a protected ground. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481–82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Accordingly, his withholding of removal claim fails.

In addition, we reject Rivera–Zuniga's conclusory contention the BIA violated his due process rights by failing to adequately evaluate his claim. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to prevail on due process claim).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.